UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE STURGEON<br>c/o Tittle & Perlmuter<br>4106 Bridge Ave.<br>Cleveland, OH 44113<br><br>On behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>EMPOWERING PEOPLE MANAGEMENT, INC.<br>c/o L & M Statutory Agent, LLC<br>30670 Bainbridge Road, Suite 201<br>Solon, OH 44139<br><br>Defendant. | CASE NO.<br><br>JUDGE<br><br>**PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT UNDER THE FAIR LABOR STANDARD ACT AND STATE LAW** |

Plaintiff Christine Sturgeon, through counsel, respectfully files this Class and Collective Action Complaint against Defendant Empowering People Management, Inc., and states and alleges as follows.

## INTRODUCTION

1. This case challenges wage-and-hour practices of Defendant by which it willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, the Ohio overtime compensation statute, and Ohio's common law of unjust enrichment.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of herself and other "similarly situated" persons who may join the case pursuant to § 216(b) ("Potential Opt-Ins").

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons, defined herein, who assert factually related claims under Ohio law (the "Class Members").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's state-law claims because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and division and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

7. At all times relevant, Plaintiff Christine Sturgeon was a citizen of the United States and of Ohio and resided in this district.

8. Defendant Empowering People Management, Inc. is an Ohio corporation doing business at multiple locations throughout the State of Ohio, including in North Olmstead, within Cuyahoga County, where Plaintiff conducted most of her job duties.

## FACTUAL ALLEGATIONS

### Defendant's Business and Employment of Plaintiff, the Potential Opt-Ins and Class Members

9. Empowering People Management, Inc provides Intermediate Care direct care services – meaning a level of care between inpatient and independent living - to individuals with disabilities throughout Ohio.

10. Defendant was an "employer" of Plaintiff, the Potential Opt-Ins, and the Class Members within the meaning of the FLSA, 29 U.S.C. § 203(d).

11. Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that it had employees engaged in commerce, or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

12. According to Defendant's website, its Intermediate Care Facilities "provide 24/7 nursing support in a home-like environment. Applying a compassionate, person-centered approach to their care, our nurses typically provide nursing assessments, medication administration, respite services, and emotional support to individuals in our Intermediate Care Facilities."

13. Defendant typically hired Licensed Practical Nurses ("LPNs") to perform those nursing services at its Intermediate Care Facilities.

14. Plaintiff was an LPN employed by Defendant at one of its Intermediate Care Facility in North Olmsted, Ohio from February 2022 through April 2025.

15. Defendant employs at least 25 LPNs at any given time to provide nursing services at its Intermediate Care Facilities.

16. Plaintiff, the Potential Opt-Ins, and the Class Members consist of all LPNs working for Defendant within the applicable lookback period for each of Plaintiff's claims.

17. The primary job duty of Plaintiff, the Potential Opt-Ins, and the Class Members was to provide nursing services to Defendant's clients at Intermediate Care Facilities.

18. The requisite job duties of LPNs at Defendant's Intermediate Care Facilities often demanded a workweek which exceeded 40 hours.

19. Plaintiff worked over 40 hours most workweeks during her tenure with Defendant.

20. Plaintiff, the Potential Opt-Ins, and the Class Members were classified by Defendant as salaried-exempt, meaning that they were paid no overtime premium for hours worked over 40 per workweek.

21. LPNs whose primary job duty is nursing care do not qualify for any overtime exemption under the FLSA or Ohio law.

22. Plaintiff, the Potential Opt-Ins, and the Class Members were not professionally exempt.

23. Plaintiff, the Potential Opt-Ins, and the Class Members were not administratively exempt.

24. Plaintiff, the Potential Opt-Ins, and the Class Members were not exempt executives.

25. As a result, the FLSA and Ohio law required Defendant to pay Plaintiff, the Potential Opt-Ins, and the Class Members overtime compensation of at least one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek. 29 U.S.C. §§ 206, 207(e)(3); 29 C.F.R. § 778.117. The calculation of the "regular rate" must include "all remunerations for employment paid to, or on behalf of, the employee." 29 U.S.C. § 207(e)(3); 29 C.F.R. § 778.117.

**Willfulness of Defendant's Violations**

26. Defendant knew, or recklessly disregarded, that its LPNs were entitled to overtime compensation under federal and state laws.

27. Publicly available literature from the Department of Labor, like Fact Sheet #17N informed employers like Defendant that "Licensed practical nurses and other similar health care employees, however, generally do not qualify as exempt learned professionals, regardless of work experience and training, because possession of a specialized advanced academic degree is not a standard prerequisite for entry into such occupations, and are entitled to overtime pay."

28. As such, Defendant willfully circumvented and violated the requirements of the FLSA and Ohio law. Defendant knew or had full reason to know – with a modicum of investigation – that its LPNs were due time-and-a-half compensation for their overtime hours.

## COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

30. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of themselves and other employees similarly situated."

31. The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations consist of:

> All LPNs who worked over 40 hours in one or more workweeks for Defendant during the period three years preceding the filing of this lawsuit.

32. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were subjected to the identical unlawful wage-and-hours practices, all were injured by those practices, and all have the same claims against Defendant for unpaid wages, liquidated damages, attorneys' fees, and costs.

33. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-

authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

34. Plaintiff cannot yet state the exact number of similarly situated persons but aver, upon information and belief, that they consist of 50 or more persons. Such persons are readily identifiable through the records Defendant has maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## CLASS ACTION ALLEGATIONS

35. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

36. Plaintiff is bringing this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and other members of a proposed class, defined as:

> All LPNs who worked over 40 hours in one or more workweeks for Defendant during the period four years preceding the filing of this lawsuit.

37. The Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but aver, upon information and belief, that they consist of hundreds of persons. The number of Class Members as well as their identities are ascertainable from records Defendant has maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

38. There are questions of law or fact common to the Class, including but not limited to:

a. Whether Defendant required Plaintiff and other Class Members to work over 40 hours in a workweek;

b. Whether Defendant knew, or recklessly disregarded, that LPNs were entitled to overtime pay; and

c. Whether Defendant accepted the benefit of Plaintiff and Class Members' unpaid work under circumstances where retaining that benefit without compensation would be inequitable.

39. Plaintiff's claims are typical of the claims of other members of the Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other Class Members.

40. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Class Members in this case.

41. The questions of law or fact that are common to the Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Class, listed above, are common to the Class as a whole, and predominate over any questions affecting only individual Class Members.

42. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class Members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Class Members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and

risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**COUNT ONE**
**(FLSA Overtime Violations)**

43. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

44. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of herself and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b). Plaintiff's written consents to becoming a party to this action pursuant to § 216(b) has been filed with the Court.

45. The FLSA requires Defendant to pay its LPNs overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek. 29 U.S.C. §§ 206, 207(e)(3); 29 C.F.R. 778.117.

46. Defendant failed to pay overtime compensation to Plaintiff and the Potential Opt-Ins, in violation of the FLSA.

47. In doing so, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

48. As a result of Defendant's violations of the FLSA's overtime provisions, Plaintiff and the Potential Opt-Ins were injured in that they did not receive compensation due to them pursuant to the FLSA. Section 216(b) of the FLSA entitles them to unpaid compensation, as well as "an additional equal amount as liquidated damages." Section

216(b) further provides that "[t]he court … shall … allow a reasonable attorney's fee to be paid by the defendants, and costs of the action."

**COUNT TWO**
**(Unjust Enrichment)**

49. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

50. The employment of Plaintiff and the Class Members by Defendant was not created through written contract.

51. Plaintiff and the Class Members conferred a benefit on Defendant by working many hours for which they received no compensation.

52. Defendant knew it was receiving a benefit by retaining and utilizing the labor of Plaintiff and the Class Members while providing no compensation. Defendant intentionally designed their compensation structure so as to obtain that benefit.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Class;

C. Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Class;

D. Award compensatory damages to Plaintiff and the Opt-Ins in the amount of their unpaid wages, as well as liquidated damages in an equal amount;

E. Award compensatory damages to Plaintiff and the Opt-Ins in the amount of their unpaid wages; and

F. Award Plaintiff her costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

s/ Scott D. Perlmuter
Scott D. Perlmutter (0082856)
Kathleen R. Harris (0088079)
**Tittle & Perlmuter**
4106 Bridge Ave.
Cleveland, OH 44113
Phone: 216-222-2222
Fax: 888-604-9299
scott@tittlelawfirm.com
katie@tittlelawfirm.com

Attorneys for Plaintiff

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

s/ Scott D. Perlmuter
Scott D. Perlmutter (0082856)